

**FILED**

Jun 25 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ joanag          DEPUTY

ALDON F. ABBOTT
General Counsel

SAMANTHA GORDON (IL Bar No. 6272135)
sgordon@ftc.gov
MATTHEW H. WERNZ (IL Bar No. 6294061)
mwernz@ftc.gov
Federal Trade Commission
230 South Dearborn, Suite 3030
Chicago, Illinois 60604
312.960.5623 (Gordon)
312.960.5596 (Wernz)
ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TRIANGLE MEDIA CORPORATION, a Delaware corporation, also doing business as Triangle CRM, Phenom Health, Beauty and Truth, and E-Cigs; et al.,<br><br>Defendants. | Case No.:   -cv-  **'18CV1388 BEN NLS**<br><br>Plaintiff's Ex Parte Motion for Temporary Restraining Order with an Asset Freeze, Appointment of a Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue |

Plaintiff, the Federal Trade Commission ("FTC"), having filed its Complaint seeking preliminary and permanent injunctive relief, rescission or reformation of contracts, restitution for consumers, the refund of monies paid, disgorgement of ill-gotten monies, and any other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15

U.S.C. § 45(a), Section 4 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8403, Section 907(a) of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693e(a), and Section 1005.10(b) of Regulation E, 12 C.F.R. § 1005.10(b), moves this Court on an *ex parte* basis without notice to Defendants for a Temporary Restraining Order with an Asset Freeze, Appointment of a Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("TRO").[1] In support of this Motion, the FTC states:

1. The FTC seeks an order:

   a. Temporarily restraining Defendants from further violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), Section 4 of ROSCA, 15 U.S.C. § 8403, Section 907(a) of the Electronic Fund Transfer Act, 15 U.S.C. § 1693e(a) and Section 1005.10(b) of Regulation E, 12 C.F.R. § 1005.10(b);

   b. Temporarily freezing Defendants' assets;

   c. Appointing a temporary equity receiver to take control of corporate Defendants Triangle Media Corporation, Jasper Rain Marketing, LLC, Hardwire Interactive, Inc., and their assets;

   d. Temporarily restraining and enjoining Defendants from destroying or concealing documents, and from transferring, concealing, or

---

[1] The FTC has filed a proposed TRO concurrently with this motion.

otherwise disposing of assets;

   e. Temporarily requiring any third parties holding Defendants' assets to retain within their control and prohibit the withdrawal, removal, assignment, transfer, pledge, or other disposal of any of Defendants' assets, funds, documents or other property held by or under the control of any third parties;

   f. Granting expedited discovery; and

   g. Requiring Defendants to show cause why this Court should not issue a preliminary injunction extending such temporary relief pending an adjudication on the merits.

  2. *Ex parte* relief is necessary here. An *ex parte* TRO is warranted where the facts show that irreparable injury, loss, or damage will result before the defendant can be heard in opposition. *See* Fed. R. Civ. P. 65(b). In other cases in this district and circuit, courts have granted the FTC an *ex parte* TRO with an asset freeze and appointment of a receiver based on defendants' deceptive acts and practices.[2] As in those cases, irreparable injury, loss, or damage will likely result if Defendants receive notice of this action.

---

[2]  *See, e.g., FTC v. Am. Nat'l Cellular, Inc.*, 810 F.2d 1511, 1514 (9th Cir. 1987) ("FTC's power to petition the district court for injunctive relief is well established.") (citing *FTC v. H.N. Singer, Inc.*, 668 F.2d 1107 (9th Cir. 1982)); *FTC, et al. v. Membership Serv., Inc., et al.*, 01-CV-1868-JM (POR) (S.D. Cal. Oct. 17, 2001) (granting an *ex parte* TRO with an asset freeze and appointment of a receiver); *FTC v. RevMountain, LLC, et al.*, 17-cv-02000-APG-GWF (D. Nev. July 25, 2017) (same); *FTC v. Applied Mktg. Servs., LLC*, CV-13-6794-CAS (CWx) (C.D. Cal. Sept. 15, 2013) (same).

3.In the FTC's experience, defendants engaged in similarly deceptive marketing schemes have withdrawn funds from bank accounts and moved or destroyed inculpatory documents when given notice of the FTC's action against them.[3]

4.In this case, the pervasive nature of the Defendants' unlawful behavior and the deceptive nature of their misrepresentations demonstrates a likelihood that they will dissipate or conceal assets and destroy or conceal evidence of their unlawful conduct if given notice of the FTC's action before the entry of a TRO. As explained in detail in the FTC's memorandum and the supporting exhibits filed with this application, Defendants represent to consumers that they can obtain "free trials" online of Defendants' skincare products, electronic cigarettes and dietary supplements. Although these free trials are advertised at a minimal cost for shipping and handling purposes, Defendants actually charge consumers the full price of the product shortly after the trial begins and also enroll consumers in continuity plans by which they continue to ship consumers the product, for which they again charge consumers full price, every month until consumers cancel. Consumers are further charged for add-on products at the time

---

[3] *See* Certification and Declaration of Plaintiff's Counsel Pursuant to Federal Rule of Civil Procedure 65(b) and Civ. L.R. 83.3(g)(2) in Support of Plaintiff's *Ex Parte* Motion for Temporary Restraining Order and *Ex Parte* Motion to Temporarily Seal the Case File, filed with this motion.

of purchase that are also attached to continuity plans. These additional terms are either not disclosed to consumers or not disclosed adequately.

5. Defendants thus misrepresent the price of their trial orders, fail to disclose the material terms of their trials, and charge consumers without their authorization. Consumers who seek refunds for these unanticipated charges made by the Defendants are often unable to receive a refund due to the Defendants' previously undisclosed refund restrictions.

6. Since 2010, Defendants have charged consumers tens of millions of dollars unlawfully. At the same time, Defendants have operated through a series of assumed names to disguise their true identities, and have transferred tens of millions of dollars outside the United States. Without an *ex parte* asset freeze, funds may not be available to satisfy a final order granting restitution to defrauded consumers.

WHEREFORE, Plaintiff Federal Trade Commission respectfully requests that the Court grant its Motion *ex parte* and waive notice of this Motion to Defendants.

Dated: 6/22/2018

Respectfully submitted,

Aldon F. Abbott
General Counsel

*/s/ MHW/*

Samantha Gordon
Matthew H. Wernz
Federal Trade Commission
Midwest Region
230 South Dearborn Street, Suite 3030
Chicago, Illinois 60604
sgordon@ftc.gov
mwernz@ftc.gov
312-960-5623 (Gordon)
312-960-5596 (Wernz)

Attorneys for Plaintiff
Federal Trade Commission