# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TRIANGLE MEDIA CORPORATION; JASPER RAIN MARKETING LLC; HARDWIRE INTERACTIVE INC.; and BRIAN PHILLIPS,<br><br>　　　　　　　　　　Defendants. | Case No.: 18cv1388-MMA (NLS)<br><br>**NOTICE AND ORDER PROVIDING TENTATIVE RULINGS RE: ORDERS TO SHOW CAUSE** |

　　Currently set for hearing on Thursday, August 9, 2018 is the Court's order for Defendants Triangle Media Corporation ("Triangle Media"), Jasper Rain Marketing LLC ("Jasper Rain"), Hardwire Interactive Inc. ("Hardwire"), and Brian Phillips ("Phillips"), to show cause why a preliminary injunction should not be issued, and order for Hardwire to show cause why it should not be held in contempt for noncompliance with the Temporary Restraining Order [Doc. No. 11 ("TRO")]. Based on the parties' responses to the orders to show cause—including Plaintiff's status report and declaration regarding the Receiver's motion for contempt and Hardwire's objection to Plaintiff's proposed preliminary injunction—the Court issues the following tentative rulings:

The Court tentatively finds that a preliminary injunction is appropriate, as the circumstances of the case weigh heavily in favor of issuing a preliminary injunction. The Court tentatively concludes that the business operations currently included in the TRO are appropriate and will remain in the preliminary injunction, that the TRO and preliminary injunction reach Hardwire's foreign conduct, and that the Court has personal jurisdiction over Hardwire. The Court also tentatively finds that continuation of the asset freeze is appropriate and that no assets will be released for attorneys' fees or living expenses. However, the Court tentatively concludes that the preliminary injunction should include a method for the corporate defendants to request a release of reasonable funds for attorneys' fees from the receiver. The Court also tentatively concludes that the preliminary injunction should not include Plaintiff's request to conduct depositions of parties and non-parties, interrogatories, and subpoenas upon non-parties. Also, the Court tentatively appoints the temporary receiver as the permanent receiver in this action.

Finally, the Court tentatively **DENIES** the temporary receiver's *ex parte* motion for contempt against Hardwire. Doc. No. 33. While the Court tentatively finds that Hardwire has not substantially complied with the TRO, the Court also tentatively finds that Hardwire raised challenges to this Court's jurisdiction in good faith.

As these rulings are tentative, the Court looks forward to the oral arguments of counsel at the hearing. The Court advises the parties that no additional filings will be accepted on this matter prior to the currently scheduled hearing set for August 9, 2018 at 3:30 p.m.

**IT IS SO ORDERED**.

Dated: August 8, 2018

Hon. Michael M. Anello
United States District Judge

2
18cv1388-MMA (NLS)