# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                                       Plaintiff,<br>v.<br><br>TRIANGLE MEDIA CORPORATION;<br>JASPER RAIN MARKETING LLC;<br>HARDWIRE INTERACTIVE INC.; and<br>BRIAN PHILLIPS,<br><br>                                      Defendants. | Case No.: 18cv1388-MMA (NLS)<br><br>**ORDER GRANTING JOINT MOTION TO WITHDRAW JURY DEMANDS**<br><br>[Doc. No. 70] |

On August 20, 2018, Plaintiff Federal Trade Commission ("FTC") and Defendants Triangle Media Corporation, Jasper Rain Marketing LLC, and Brian Phillips (collectively, the "Triangle Defendants") jointly moved the Court to withdraw each of the Triangle Defendants' jury demands. Doc. No. 70 at 1-2; *see* Doc. Nos. 67, 68, 69.

Federal Rule of Civil Procedure 38(a) provides that "[t]he right of trial by jury as declared by the Seventh Amendment of the Constitution—or as provided by a federal statute—is preserved to the parties inviolate." Fed. R. Civ. P. 38(a). Rule 38(b) establishes an affirmative duty for a party to file a jury demand and notes that the failure to file such a demand constitutes a waiver of the right. Fed. R. Civ. P. 38(d).

When a jury trial has been demanded, "the action must be designated on the docket as a jury action" and the trial on all issues so demanded must be by jury unless: "(1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a). A jury demand may not be withdrawn by stipulation unless all parties to the action so stipulate. *Fuller v. City of Oakland*, 47 F.3d 1522, 1531 (9th Cir. 1995) (citing *Calnetics Corp. v. Volkswagen of Am., Inc.*, 532 F.2d 674, 690 (9th Cir. 1976), *Cert. denied*, 429 U.S. 940 (1976)).

Here, only three of the four Defendants stipulate to withdrawal of the jury demand. *See* Doc. No. 70. The Court notes that Hardwire Interactive Inc. ("Hardwire") did not demand a jury trial in its answer, which was filed after the parties' joint motion. *See* Doc. Nos. 70, 72. Further, Hardwire has not opposed the parties' joint motion. *See* Docket. However, this does not constitute Hardwire's stipulation to withdrawal. *See* Fed. R. Civ. P. 39(a); *see also Fuller*, 47 F.3d at 1531 (citing *Calnetics Corp.*, 532 F.2d at 690).

Even so, the Court finds withdrawal of the Triangle Defendants' jury demands appropriate. The laws under which the FTC brings this case do not provide a federal right to a jury trial. *See, e.g.*, *FTC v. Think All Publ'g, LLC*, 564 F. Supp. 2d 663, 665 (E.D. Tex. 2008) ("[t]he cases [considering this issue] have unanimously held that the Seventh Amendment does not provide a right to a trial by jury in actions brought under Section 13(b)" of the Federal Trade Commission Act ("FTC Act")); *FTC v. Seismic Entm't Prods.*, 441 F. Supp. 2d 349, 353 (D. N.H. 2006) (restitution remedy under the FTC Act is equitable, so a jury trial is not available on that issue); *FTC v. Vylah Tec LLC*, No. 2:17-cv-228-FtM-99MRM, 2018 WL 2970962, at *6 (M.D. Fla. June 13, 2018) (same); *FTC v. Loss Mitigation Servs.*, No. SACV 09-800 DOC (ANx), 2010 U.S. Dist. LEXIS 148656, at *10-12 (C.D. Cal. Feb. 17, 2010) (finding that the remedy sought in case brought by the FTC under section 13(b) of the FTC Act is equitable in nature and that the defendant is not afforded to a right to jury trial); *see also* 15 U.S.C. § 8404 (stating that the FTC "shall enforce [the Restore Online Shoppers Confidence Act] in the

same manner, by the same means, and with the same jurisdiction, powers, and duties . . . the [FTC Act]" and that any person who violates this act "shall be subject to the penalties and entitled to the privileges and immunities provided in the [FTC Act]"); 15 U.S.C. 1693o(c) (stating that "[a]ll of the functions and powers of the [FTC] under the [FTC Act] are available to the [FTC] to enforce compliance" of the Electronic Fund Transfer Act).

Accordingly, the Court **GRANTS** the parties' joint motion [Doc. No. 70] and **WITHDRAWS** the Triangle Defendants' jury demands [Doc. Nos. 67, 68, 69].

**IT IS SO ORDERED**.

Dated: August 21, 2018

Hon. Michael M. Anello
United States District Judge

3

18cv1388-MMA (NLS)