# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>          Plaintiff,<br><br>vs.<br><br>TRIANGLE MEDIA CORPORATION;<br>JASPER RAIN MARKETING LLC;<br>HARDWIRE INTERACTIVE INC.; and<br>BRIAN PHILLIPS<br><br>          Defendants. | CASE NO. 18cv1388-LAB (LL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [Dkt. 87]** |

This is a suit by Plaintiff Federal Trade Commission ("FTC") to prevent Defendants Triangle Media Corporation and Hardwire Interactive—as well as various associated companies and individuals—from violating federal law by deceptively advertising their products online. This Court initially entered a temporary restraining order and later a preliminary injunction ("PI") in favor of the FTC, which prevents the Defendants from continuing to operate their businesses for the duration of the case. A receiver was also appointed to assume control of Defendants' assets. The FTC now moves to amend its complaint to add one new individual defendant, Devin Keer, and one new corporate defendant, Global Northern Trading. Dkt. 87. For the reasons below, that motion is **GRANTED.**

As alleged in the FTC's proposed first amended complaint ("FAC"), Keer is "an owner and officer of Defendants Triangle Media Corporation and Hardwire Interactive." FAC ¶ 11. The FTC specifically alleges that Keer "has had the authority to control the advertising and marketing of Defendants' products, including overseeing the Corporate Defendants' overall business strategy and operations, paying for registration of the deceptive websites, entering into contracts with advertisers, and managing distribution and fulfillment of Defendants' products." *Id.* Indeed, in its Order granting the PI, this Court noted that Keer was the "mastermind, marketer, and businessman" behind the marketing schemes at issue in this case. Dkt. 75 at 21.

Defendant Hardwire Media and specially appearing proposed defendant Devin Keer (collectively, "Defendants") oppose the motion.[1] Dkt. 95. Defendants first argue that that amendment would be futile because the FTC does not adequately allege that Keer "is violating, or is about to violate," the law, as required by the relevant statute. 15 U.S.C. § 53(b). Boiled down, Defendants' argument appears to be that Defendants are now subject to a court-ordered injunction and there is therefore no threat Keer will violate the law. As courts within the Ninth Circuit have recognized, however, "cessation on the part of defendants can hardly be considered voluntary" where the "cessation of conduct occurred only *after* defendants learned that the FTC had commenced an investigation . . . ." *F.T.C. v. Sage Seminars, Inc.*, 1995 WL 798938, at *6 (N.D. Cal. 1995) (emphasis in original) (internal quotation marks omitted). Absent the FTC's enforcement action, there would be little doubt Keer would still be "violating" or "about to violate" the law in just the same way the corporate defendants were "violating" or "about to violate" the law prior to the Court's injunction.[2] Defendants cannot use the injunction

---

[1] Defendants' briefing addresses only the addition of Keer, not the other new defendant, Global Northern Trading.

[2] To the extent Defendants are now arguing their allegedly unlawful behavior terminated *prior* to the injunction, the argument is waived in this context by virtue of Defendants' failure to challenge likelihood of success on the merits at the PI phase. *See* Dkt. 75 at

as an end-around. As the FTC points out, were it otherwise, later-identified parties could avoid liability in enforcement actions so long as they were able to evade identification until after the Court ordered the parties to cease their unlawful conduct. Because the relevant FTC statute plainly contemplates the addition of parties later in the litigation, the Court refuses to shield potentially culpable defendants solely because they were identified as defendants after an injunction was entered. *See* 15 U.S.C. § 53(a)(2) ("[T]he court may, if the court determines that the interests of justice require that any other person, partnership, or corporation should be a party in such suit, cause such other person, partnership or corporation to be added as a party.").

Defendants next argue that the FTC's proposed pleading doesn't satisfy Rule 9(b)'s heightened pleading standard for fraud claims. The Ninth Circuit has not addressed the issue, but the Court is skeptical that Rule 9(b)'s heightened pleading standard applies to a Section 5 deception claim like the FTC's. *See, e.g., F.T.C. v. Freecom Commc'ns, Inc.*, 401 F.3d 1192, 1203, n. 7 (10th Cir. 2005) ("Unlike the elements of common law fraud, the FTC need not prove scienter, reliance, or injury to establish a § 5 violation."). In any event, though, the FTC's pleading would meet that higher standard. A pleading is sufficient under Rule 9(b) "if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). The FTC's allegations against Keer in the FAC mirror the FTC's allegations against the other Defendants in its original complaint, and the Defendants apparently found those allegations sufficiently detailed to answer the complaint rather than file a motion to dismiss. *See* Dkt. 48-50, 72. Further, it is unnecessary for the FTC to spell out Keer's exact participation in each allegedly unlawful practice. The FTC alleges a common enterprise in which Keer is only one component. In similar cases involving a common enterprise, courts have found the

---

10 ("Defendants do not challenge the likelihood of success on the merits of the causes of action in the Complaint; rather they focus on narrowing any injunctive relief . . . .").

complaint sufficient, even if the allegations against each defendant are not as particularized as they might ordinarily be. *See, e.g., F.T.C. v. ELH Consulting, LLC*, 2013 WL 4759267, at *2 (D. Ariz. Sept. 4, 2013) (denying a motion for judgment on the pleadings where the complaint "identifies several defendant entities and individuals, categorizes those defendants based on their function in the alleged scheme, and includes specific representations allegedly made by defendants. The complaint thoroughly describes the nature of the scheme, and how it was carried out.").

For these reasons, the FTC's Motion for Leave to File an Amended Complaint is **GRANTED**. Dkt. 87.

**IT IS SO ORDERED**.

Dated: December 3, 2018

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge