1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

9

10

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No.:    18 cv 1388 LAB |
| Plaintiff, | Hon. Larry Alan Burns |
| v. | **[MODIFIED] STIPULATED ORDER** |
| TRIANGLE MEDIA CORPORATION, JASPER RAIN MARKETING LLC, HARDWIRE INTERACTIVE, INC., GLOBAL NORTHERN TRADING LTD., BRIAN PHILLIPS, and DEVIN KEER | **FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS TRIANGLE MEDIA CORPORATION, JASPER RAIN MARKETING LLC, AND BRIAN PHILLIPS** |
| Defendants. | |

11
12
13
14
15
16
17
18
19

20

Plaintiff, Federal Trade Commission ("Commission"), filed its First Amended Complaint for Permanent Injunction and Other Equitable Relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8404, and Section 918(c) of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693o(c) (the "Complaint"). The Commission and Defendants Triangle Media Corporation, Jasper Rain Marketing LLC, and Brian Phillips ("Stipulating Defendants")

21
22
23
24
25
26
27
28

1

stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

## FINDINGS

A.       This Court has jurisdiction over this matter.

B.       The Complaint alleges that Stipulating Defendants participated in deceptive and unfair acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), Section 4 of the ROSCA, 15 U.S.C. § 8403, and Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 1005.10(b) of Regulation E, 12 C.F.R. § 1005.10(b), in the marketing and sale online of skin care products, electronic cigarettes, and supplements.

C.       Stipulating Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, the Stipulating Defendants admit the facts necessary to establish jurisdiction.

D.       Stipulating Defendants waive any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

E.       Stipulating Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For purposes of this Order, the following definitions apply:

A.       "**Billing Information**" means any data that enables any person to access a customer's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

B.       **"Charge," "Charged," or "Charging,"** means any attempt to collect money or other consideration from a consumer, including but not limited to causing Billing Information to be submitted for payment, including against a consumer's credit card, debit card, bank account, telephone bill, or other account.

2

C.     **"Clear(ly) and Conspicuous(ly)"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.     In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.  In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means;

2.     A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood;

3.     An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it;

4.     In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable;

5.     The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears;

6.     The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications;

7.     The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication; and

/ / /

/ / /

3

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

D. "**Corporate Defendants**" means Triangle Media Corporation, a California corporation, Jasper Rain Marketing LLC, a California limited liability company, Global Northern Trading Limited, a Canadian Corporation, and Hardwire Interactive Inc., a British Virgin Islands company, and by whatever other names they may be known, and their subsidiaries, affiliates, successors, and assigns, and any fictitious business entities or business names created or used by these entities, or any of them.

E. "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

F. "**Individual Defendants**" means Brian Phillips and Devin Keer.

G. "**Negative Option Feature**" means, in an offer or agreement to sell or provide any good or service, a provision under which the consumer's silence or failure to take affirmative action to reject a good or service or to cancel the agreement is interpreted by the seller or provider as acceptance or continuing acceptance of the offer.

H. "**Preauthorized Electronic Fund Transfer,**" as defined by the Electronic Fund Transfer Act, 15 U.S.C. § 1693a(10), means an electronic fund transfer authorized in advance to recur at substantially regular intervals.

I. "**Preliminary Injunction**" means the Preliminary Injunction as to Defendants entered on June 25, 2018 (Dkt. #75.)

J. "**Receiver**" means Thomas W. McNamara of McNamara Smith LLP, appointed as Receiver pursuant to Section XVI. of the Preliminary Injunction and any deputy receivers named by the Receiver.

L. "**Stipulating Corporate Defendants**" means Triangle Media Corporation and Jasper Rain Marketing LLC by whatever other names they may be known, and their subsidiaries, affiliates, successors, and assigns, and any fictitious business entities or

4

business names created or used by these entities, or any of them including but not limited to, BH Wellness LLC, a Nevada limited liability company, Bizway Services LLC, a Texas limited liability company, Blended Wellness Marketing LLC, a Nevada limited liability company, Brand Junction Wellness LLC, a Nevada limited liability company, Centered Energy Marketing LLC, a California limited liability company, Clear Option Wellness LLC, an Alaska limited liability company, Concur Marketing Solutions LLC, an Alaska limited liability company, Direct Access Products LLC, a Nevada limited liability company, Endeavour Steel Marketing LLC, a California limited liability company, Everjoy Nutrition LLC, a California limited liability company, Fast Order Marketing LLC, a Nevada limited liability company, Great Plains Nutrition LLC, a Nevada limited liability company, Green Valley Wellness LLC, an Arizona limited liability company, H1 Marketing LLC, a Wisconsin limited liability company, Jester Youth Marketing LLC, a Florida limited liability company, Jet Time Marketing LLC, an Alaska limited liability company, Joint Capital Marketing LLC, a California limited liability company, Jolt Line Marketing LLC, a California limited liability company, Kinetic Products Marketing LLC, a Nevada limited liability company, Little Kite Wellness LLC, a Nevada limited liability company, Mass Drift Marketing LLC, a Michigan limited liability company, Mind Wellness Marketing LLC, a California limited liability company, Rainbow Drop Wellness LLC, a California limited liability company, Real Vitality Marketing LLC, a California limited liability company, Rivers Edge Marketing LLC, a Pennsylvania limited liability company, Simple Gig Marketing LLC, a Nevada limited liability company, Squad6 Services LLC, a Wyoming limited liability company, Sunrise Pointe Wellness LLC, a Nevada limited liability company, Sunset Orders Marketing LLC, a Colorado limited liability company, Total Market Products LLC, a California limited liability company, Turbid Elite Marketing LLC, a Colorado

limited liability company, and Zoom Standard Marketing LLC, an Alaska limited liability company.

L. **"Stipulating Individual Defendant"** means Brian Phillips.

M. **"Stipulating Defendants"** means the Stipulating Individual Defendant and all of the Stipulating Corporate Defendants, individually, collectively, or in any combination.

N. "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of any product, service, plan, or program by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310.

## ORDER

### I.   PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A.   Any cost to the consumer to purchase, receive, use, or return the initial good or service;

B.   That the consumer will not be Charged for any good or service;

C.   That a good or service is offered on a "free," "trial," "sample," "bonus," "gift," "no obligation," "discounted" basis, or words of similar import, denoting or implying the absence of an obligation on the part of the recipient of the offer to affirmatively act in order to avoid Charges, including where a Charge will be assessed pursuant to the offer unless the consumer takes affirmative steps to prevent or stop such a Charge;

6

D.    That the consumer can obtain a good or service for a processing, service, shipping, handling, or administrative fee with no further obligation;

E.    The purpose(s) for which the consumer's Billing Information will be used;

F.    The date by which the consumer will incur any obligation or be Charged unless the consumer takes an affirmative action on the Negative Option Feature;

G.    That a transaction has been authorized by the consumer;

H.    Any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the good or service;

I.    Any material restrictions, limitations, or conditions to purchase, receive, or use any good or service;

J.    Any material aspect of the performance, efficacy, nature, or central characteristics of a good or service; or

K.    Any other material fact.

Compliance with this Section is separate from, and in addition to, the disclosures required by Sections II and III, *infra*.

## II.    REQUIRED DISCLOSURES RELATING TO NEGATIVE OPTION FEATURES

**IT IS FURTHER ORDERED** that Stipulating Defendants, Stipulating Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from, or assisting others in:

A.    Representing directly or indirectly, expressly or by implication, that any good or service that includes a Negative Option Feature is being offered on a free, trial, no obligation, reduced, or discounted basis, without disclosing Clearly and Conspicuously, and immediately adjacent to, any such representation:

7

1.     The extent to which the consumer must take affirmative action(s) to avoid any Charges:  a) for the offered good or service, b) of an increased amount after the trial or promotional period ends, and c) on a recurring basis;

2.     The total cost (or range of costs) the consumer will be Charged and, if applicable, the frequency of such Charges unless the consumer timely takes steps to prevent or stop such Charges; and

3.     The deadline(s) (by date or frequency) by which the consumer must affirmatively act in order to stop all recurring Charges.

B.     Obtaining Billing Information from a consumer for any transaction involving a good or service that includes a Negative Option Feature, without first disclosing Clearly and Conspicuously, and immediately adjacent to where a consumer provides Billing Information:

1.     The extent to which the consumer must take affirmative action(s) to avoid any Charges:  a) for the offered good or service, b) of an increased amount after the trial or promotional period ends, and c) on a recurring basis;

2.     The total cost (or range of costs) the consumer will be Charged, the date the initial Charge will be submitted for payment, and, if applicable, the frequency of such Charges unless the consumer timely takes affirmative steps to prevent or stop such Charges;

3.     The deadline(s) (by date or frequency) by which the consumer must affirmatively act in order to stop all recurring Charges;

4.     The name of the seller or provider of the good or service and, if the name of the seller or provider will not appear on billing statements, the billing descriptor that will appear on such statements;

5.     A description of the good or service;

6.     Any Charge or cost for which the consumer is responsible in connection with the cancellation of an order or the return of a good;

8

7.      The simple cancellation mechanism to stop any recurring Charges, as required by Section IV.

C.      Failing to send the consumer:

1.      Immediately after the consumer's submission of an online order, written confirmation of the transaction by email.  The email must Clearly and Conspicuously disclose all the information required by Subsection II.B, and contain a subject line reading "Order Confirmation" along with the name of the product or service, and no additional information; or

2.      Within two (2) days after receipt of the consumer's order by mail or telephone, a written confirmation of the transaction, either by email or first class mail. The email or letter must Clearly and Conspicuously disclose all the information required by Subsection II.B.  The subject line of the email must Clearly and Conspicuously state "Order Confirmation" along with the name of the product or service, and nothing else. The outside of the envelope must Clearly and Conspicuously state "Order Confirmation" along with the name of the product or service, and no additional information other than the consumer's address, the Stipulating Defendant's return address, and postage.

### III.   OBTAINING EXPRESS INFORMED CONSENT

**IT IS FURTHER ORDERED** that Stipulating Defendants, Stipulating Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from using, or assisting others in using, Billing Information to obtain payment from a consumer, unless Stipulating Defendants first obtain the express informed consent of the consumer to do so.  To obtain express informed consent, Stipulating Defendants must:

/ / /

9

A.      For all written offers (including over the Internet or other web-based applications or services), obtain consent through a check box, signature, or other substantially similar method, which the consumer must affirmatively select or sign to accept the Negative Option Feature, and no other portion of the offer.  Stipulating Defendants shall disclose Clearly and Conspicuously, and immediately adjacent to such check box, signature, or substantially similar method of affirmative consent, only the following, with no additional information:

1.      The extent to which the consumer must take affirmative action(s) to avoid any Charges:  a) for the offered good or service, b) of an increased amount after the trial or promotional period ends, and c) on a recurring basis;

2.      The total cost (or range of costs) the consumer will be Charged and, if applicable, the frequency of such Charges unless the consumer timely takes affirmative steps to prevent or stop such Charges; and

3.      The deadline(s) (by date or frequency) by which the consumer must affirmatively act in order to stop all recurring Charges.

B.      For all oral offers, prior to obtaining any Billing Information from the consumer:

1.      Clearly and Conspicuously disclose the information contained in Subsection II.B; and

2.      Obtain affirmative unambiguous express oral confirmation that the consumer:  a) consents to being Charged for any good or service, including providing, at a minimum, the last four (4) digits of the consumer's account number to be Charged, b) understands that the transaction includes a Negative Option Feature, and c) understands the specific affirmative steps the consumer must take to prevent or stop further Charges.

For transactions conducted through Telemarketing, Stipulating Defendants shall maintain for three (3) years from the date of each transaction an unedited voice recording

10

of the entire transaction, including the prescribed statements set out in Subsection III.B. Each recording must be retrievable by date and by the consumer's name, telephone number, or Billing Information, and must be provided upon request to the consumer, the consumer's bank, or any law enforcement entity.

## IV.    SIMPLE MECHANISM TO CANCEL NEGATIVE OPTION FEATURE

**IT IS FURTHER ORDERED** that Stipulating Defendants, Stipulating Defendants' officers, agents, employees, attorneys, and  all other persons in active concert or participation with any of them, who receive actual notice of  this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from failing, or assisting others in failing, to provide a simple mechanism for the consumer to:  (1) avoid being Charged, or Charged an increased amount, for the good or service and (2) immediately stop any recurring Charges.  Such mechanism must not be difficult, costly, confusing, or time consuming, and must be at least as simple as the mechanism the consumer used to initiate the Charge(s).  In addition:

A.    For consumers who entered into the agreement to purchase a good or service including a Negative Option Feature over the Internet or through other web-based applications or services, Stipulating Defendant must provide a mechanism, accessible over the Internet or through such other web-based application or service that consumers can easily use to cancel the product or service and to immediately stop all further Charges.

B.    For consumers who entered into the agreement to purchase a good or service including a Negative Option Feature through an oral offer and acceptance, Stipulating Defendants must maintain a telephone number and a postal address that consumers can easily use to cancel the product or service and to immediately stop all further Charges. Stipulating Defendants must assure that all calls to this telephone number shall be

11

answered during normal business hours and that mail to the postal address is retrieved regularly.

## V.  PREAUTHORIZED ELECTRONIC FUND TRANSFERS

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from, or assisting others in:

A.    Failing to timely obtain written authorization signed or similarly authenticated by the consumer for any Preauthorized Electronic Fund Transfer from a consumer's account before initiating any Preauthorized Electronic Fund Transfer; or

B.    Failing to timely provide the consumer a copy of a valid written authorization signed or similarly authenticated by the consumer for any Preauthorized Electronic Fund Transfer.

## VI.  MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A.    Judgment in the amount of $48,110,267.14 is entered in favor of the Commission against Stipulating Defendants, jointly and severally, as equitable monetary relief.

B.    Stipulating Defendants are ordered to pay to the Commission $399, 795.00, which, as Stipulating Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission.  Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.  Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C.    The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Stipulating

Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

      1.     Brian Phillips' July 24, 2018, sworn Financial Statement of Individual Defendant, including attachments;

      2.     Triangle Media Corporation's July 24, 2018, sworn Corporate Financial Disclosure Form, including attachments; and

      3.     Jasper Rain Marketing LLC's July 24, 2018, sworn Corporate Financial Disclosure Form, including attachments.

D.     The suspension of the judgment will be lifted as to any Stipulating Defendant if, upon motion by the Commission, the Court finds that the Stipulating Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E.     If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Stipulating Defendant in the amount specified in Subsection A above, which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

F.     Stipulating Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order, and all assets held by the Receiver, and may not seek the return of any assets.

      Stipulating Defendants further relinquish dominion and all legal and equitable right, title, and interest in the proceeds of the sale of the property located at 1350 Columbia Street, Unit 302, San Diego, California from Receivership Entity Flat6 Development, LLC to Jacko Properties, LLC, which was approved and confirmed by court order on March 14, 2019.

/ / /

13

Stipulating Defendants further relinquish dominion and all legal and equitable right, title, and interest in the proceeds of the sale of the property located at 6700 Via Cordoba, Rancho Santa Fe, California.

*Provided, however*, that Individual Defendant, Brian Phillips, does not waive his right to assert in the matter *Phillips v. Phillips*, 17 FL 011576N (Sup. Ct. Cal.) that he is entitled to an offset in any court-ordered division of the marital assets equal to the amount Nicole Phillips retains of the monies currently held in trust by Solomon Ward Seidenwurm & Smith LLP.

G. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

H. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

I. Stipulating Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Stipulating Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

J. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed the Commission may apply any remaining money for such other equitable

14

relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Stipulating Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VII.  CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.      Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. Stipulating Defendants represent that they have provided this redress information to the Commission. If a representative of the Commission requests in writing any information related to redress, Stipulating Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B.      Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection online transactions promoting or offering for sale any good or service with a Negative Option Feature; and

C.      Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

15

## VIII.  COOPERATION

**IT IS FURTHER ORDERED** that Stipulating Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Stipulating Defendants must provide truthful and complete information, evidence, and testimony.  Stipulating Individual Defendant must appear and Stipulating Corporate Defendants must cause their officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## IX.    RECEIVERSHIP TERMINATION

**IT IS FURTHER ORDERED** that the appointment of the Receiver over the Stipulating Corporate Defendants pursuant to Section XVI. of the Preliminary Injunction is hereby continued as modified by this Section.

A.      Within 7 days after entry of this Order, the Receiver shall transfer $4,000,000 to the Commission from the funds previously transferred in this matter pursuant to the TRO and the Preliminary Injunction, by wire transfer pursuant to directions provided by counsel for the Commission, or as otherwise agreed to in writing by counsel for the Commission.

B.      The Receiver is directed and authorized to accomplish the following within (90) days after entry of this Order, but any party or the Receiver may request that the Court extend the Receiver's term for good cause:

1.      Complete the process of taking custody, control, and possession of all assets of Stipulating Corporate Defendants, pursuant to Section XVII.B. of the Preliminary Injunction;

/ / /

16

2. Complete the liquidation of all assets of Stipulating Corporate Defendants;

3. Prepare and submit a report describing the Receiver's activities pursuant to this Order, and a final application for compensation and expenses; and

4. Distribute to Plaintiff any remaining liquid assets at the conclusion of the Receiver's duties.

C. Upon completion of above tasks, the duties of the receivership as to the Stipulating Corporate Defendants shall terminate.

This provision shall in no way affect the Receiver's duties with respect to any Defendant over which the Receiver has authority pursuant to the Preliminary Injunction other than the Stipulating Corporate Defendants, and, specifically, shall in no way affect the duties of the Receiver with respect to Hardwire Interactive, Inc. and Global Northern Trading Limited.

## X. <u>DISSOLUTION OF ASSET FREEZE</u>

**IT IS FURTHER ORDERED** that the freeze on assets of Stipulating Defendants imposed pursuant to the Temporary Restraining Order entered on June 29, 2018 (Dkt. #11) and the Preliminary Injunction entered on August 25, 2018 (Dkt. #75) is modified to permit the payments and other transfers identified in Section VI above. The freeze on the Stipulating Corporate Defendants' assets shall remain in effect until such time as the Receiver receives payment of all Court-approved fees and expenses of the Receiver and the Receiver is discharged pursuant to Section IX of this Order. Upon completion of all payments and other obligations identified in Sections VI and IX, the asset freeze is dissolved as to Stipulating Defendants. A financial institution shall be entitled to rely upon a letter from a representative of the Commission stating that the freeze on a Stipulating Defendant's assets has been lifted.

/ / /

/ / /

17

# XI. ORDER ACKNOWLEDGEMENTS

**IT IS FURTHER ORDERED** that Stipulating Defendants obtain acknowledgments of receipt of this Order:

A.      Each Stipulating Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 3 years after entry of this Order, Stipulating Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and Stipulating Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Stipulating Defendant delivered a copy of this Order, that Stipulating Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

# XII. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Stipulating Defendants make timely submissions to the Commission:

A.      One year after entry of this Order, each Stipulating Defendant must submit a compliance report, sworn under penalty of perjury.

1.      Each Stipulating Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Stipulating Defendant;

(b) identify all of that Stipulating Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Stipulating Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Stipulating Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, Stipulating Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Stipulating Individual Defendant performs services whether as an employee or otherwise and any entity in which Stipulating Individual Defendant has any ownership interest; and (c) describe in detail Stipulating Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

B. For 10 years after entry of this Order, each Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Stipulating Defendant must report any change in: (a) any designated point of contact; or (b) the structure of Stipulating Corporate Defendant or any entity that Stipulating Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

/ / /

19

2.      Additionally, Stipulating Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Stipulating Individual Defendant performs services whether as an employee or otherwise and any entity in which Stipulating Individual Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.      Each Stipulating Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Stipulating Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.  The subject line must begin: *FTC v. Triangle Media Corporation, et al.*, FTC Matter No. X180035.

## XIII.      RECORDKEEPING

**IT IS FURTHER ORDERED** that Stipulating Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Stipulating Corporate Defendant and Stipulating Individual Defendant for any business that Stipulating Individual Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

20

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

E. A copy of each unique advertisement or other marketing material.

## XIV. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Stipulating Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Stipulating Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic and video depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Stipulating Defendant. Stipulating Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

/ / /

21

C.      The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Stipulating Defendants or any individual or entity affiliated with Stipulating Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Stipulating Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## XV.     RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that [Magistrate Judge Linda Lopez shall] retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.  [The Court will administratively close the case 30 days after the Receiver's duties are terminated, as described in Section IX.  Any party may request that the Court reopen the case upon a showing of good cause.]

**SO ORDERED** this 29th day of May, 2019.

*Larry A. Burns*

Honorable Larry Alan Burns
Chief United States District Judge

22

**SO STIPULATED AND AGREED:**

**FEDERAL TRADE COMMISSION**

Date: 5/20/19

Samantha Gordon
Matthew H. Wernz
Federal Trade Commission, Midwest Region
230 S. Dearborn Street, Suite 3030
Chicago, Illinois 60604
312.960.5634
sgordon@ftc.gov
mwernz@ftc.gov
*Attorneys for Plaintiff*
*Federal Trade Commission*

**FOR STIPULATING DEFENDANTS:**

Date: 4/3/2019

Frederick K. Taylor
Nicholas S. Kawuka
Matthew B. Shields
Procopio, Cory, Hargreaves & Savitch LLP
525 B. Street, Suite 2200
San Diego, CA 92101
fred.taylor@procopio.com
nicholas.kawuka@procopio.com

22

matthew.shields@procopio.com
619.238.1900
*Attorneys for Triangle Media Corporation,*
*Jasper Rain Marketing LLC, and Brian Phillips*

**STIPULATING DEFENDANTS:**

_____     Date: APR 3/19
Triangle Media Corporation by
Brian Phillips, CEO

_____     Date: april 3, 2019
Jasper Rain Marketing LLC by
Sierra Owen, Managing Member

_____     Date: APR 3/19
Brian Phillips, individually

23