# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TRIANGLE MEDIA CORPORATION;<br>JASPER RAIN MARKETING LLC;<br>HARDWIRE INTERACTIVE INC.; and<br>BRIAN PHILLIPS<br><br>　　　　Defendants. | CASE NO. 18cv1388-LAB (LL)<br><br>**ORDER GRANTING RECEIVER'S MOTION FOR AUTHORIZATION TO ENGAGE CONTINGENCY FEE COUNSEL AND EXTEND RECEIVERSHIP [Dkt. 136]** |

On September 9, 2019, the Court granted in part Receiver Thomas McNamara's motion to extend the receivership for 90 days so that he could complete an investigation into "a potential receivership estate lawsuit against a domestic financial institution."[1]  *See* Dkt. 134.  With that investigation now complete, the Receiver has concluded that pursuing this litigation is in the best interest of the estate.  As such, he requests that the Court (1) grant him permission to retain contingency counsel, (2) extend the receivership for the sole purpose of pursuing that litigation, and (3) administratively close the case while the litigation is conducted.

Defendants Hardwire Interactive, Inc., Devin Keer, and Global Northern Trading Limited (collectively, the "Hardwire Defendants") oppose the motion, arguing that a continuation of the receivership would also mean a continuation of the asset freeze

---

[1] This previously unnamed financial institution is now revealed to be Wells Fargo.

- 1 -

against them. To the extent this was a valid concern when the Receiver's motion was filed, it isn't any longer. As set out in the stipulated final judgment, "[a] financial institution shall be entitled to rely upon a letter from a representative of the [FTC] stating that the freeze on a Stipulating Defendant's assets has been lifted." Dkt. 127 § X. On November 12, 2019, the FTC provided letters to the Hardwire Defendants informing them that the asset freeze against them was dissolved. *See* Dkt. 141, Exs. 1, 2. The Court therefore finds no prejudice to the Hardwire Defendants that would outweigh the receivership estate's interest in pursuing the contemplated litigation.

The remaining defendants—Brian Phillips, Triangle Media Corporation, and Jasper Rain (collectively, the "Triangle Defendants")—do not oppose the Receiver's motion in principle, but they request that the Court enter various orders before administratively closing the case. For example, they seek a Court order that the Receiver cede and return control over all entities seized by the Receiver when this litigation began. They likewise request that the Receiver return various software and software code the Receiver has in his possession. To the extent the Triangle Defendants seek a modification of the stipulated final judgment, they may seek such a modification through a noticed motion (even while the case is administratively closed), but the Court agrees with the Receiver that an opposition is not the place to seek such relief.[2]

In short, the Court finds good cause exists to grant the Receiver's motion to (1) extend the receivership for the sole purpose of pursuing litigation against Wells Fargo, (2) permit the Receiver to retain contingency counsel, and (3) administratively close the case while that litigation is pursued.

/ / /

/ / /

/ / /

---

[2] Before seeking such relief, the Defendants, the Receiver, and the FTC must work together to see if such a modification can be reached on mutually agreeable terms.

**IT IS HEREBY ORDERED** that:

1. The Receiver's Motion for Authorization to Engage Contingency Fee Counsel is **GRANTED**. Dkt. 136. The Receiver is authorized to enter a contingency fee arrangement in the Receiver's litigation against Wells Fargo and Company.

2. Section IX of the Modified Stipulated Order for Permanent Injunction and Monetary Judgment as to Defendants Triangle Media Corporation, Jasper Rain Marketing LLC, and Brian Phillips (Dkt. 126) and Section IX of the Modified Stipulated Order for Permanent Injunction and Monetary Judgment as to Defendants Hardwire Interactive Inc., Global Northern Trading Limited, and Devin Keer (Dkt. 127) shall be modified to provide that the deadline for the Receiver to complete his duties shall be 30 days after final judgment or settlement in the Receiver's litigation against Wells Fargo and Company.

3. The Clerk shall administratively close the file in *Federal Trade Commission v. Triangle Media Corporation, et al.*, Case No. 3:18-cv-01388-LAB-LL. Notwithstanding such closure, the Court shall continue to retain jurisdiction over the Receivership. As to matters related to the Receivership or enforcement of the Court's judgments, filings and other proceedings in this matter may therefore continue until further order of this Court. Except as expressly stated in this order, all other orders and judgments of the Court remain in full force and effect.

4. The hearing currently scheduled for November 25, 2019 at 11:30 a.m. is **VACATED**.

**IT IS SO ORDERED**.

Dated: November 18, 2019

_____
**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge